Frances M. Campbell (Cal. SBN 211563)
fcampbell@campbellfarahani.com
Nima Farahani (Cal. SBN 244492)
nfarahani@campbellfarahani.com
JoAnne E. Belisle (Cal. SBN 286419)
jbelisle@campbellfarahani.com
**CAMPBELL & FARAHANI, LLP**
15233 Ventura Boulevard, Suite 408
Sherman Oaks, California 91403
Telephone: (818) 999-4242
Facsimile: (818) 999-4246

Attorneys for Plaintiff Alexis Lopez

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS LOPEZ, | CASE NO.:  2:16-cv-9390 |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF BASED ON** |
| v. | **(1) VIOLATION OF THE FAIR HOUSING ACT;** |
| | **(2) VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT;** |
| PAMA MANAGEMENT, INC.; NIJJAR REALTY, INC.; GROUP XII PROPERTIES, LP; GROUP XIII PROPERTIES, LP, and DOES 1 TO 20, | **(3) NEGLIGENCE; and** |
| | **(4) VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT** |
| Defendants. | **JURY TRIAL DEMANDED** |

Plaintiff alleges through his attorneys of record as follows:

///

///

///

///

- 1 –

# I.

## JURISDICTION AND VENUE

1.     The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question). The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine Plaintiff's state law claims. Plaintiff's state law claims are related to Plaintiff's federal claims and arise out of a common set of related facts, such that they form part of the same case or controversy under Article III of the United States Constitution.

2.     Venue lies in the Central District of California pursuant to 28 U.S.C. § 1391(b)(2) because all of the unlawful conduct that gives rise to these claims occurred in the Central District of California.

# II.

## PARTIES

3.     Plaintiff Alexis Lopez is a disabled individual who resides in the County of Los Angeles.

4.     Defendant Pama Management, Inc. is a corporation doing business in the County of Los Angeles as an owner and/or manager of rental housing.

5.     Defendant Nijjar Realty, Inc. is a corporation doing business in the County of Los Angeles as an owner and/or manager of rental housing.

6.     Defendant Group XII Properties, LP, is a limited partnership doing business in the County of Los Angeles as an owner and/or manager of rental housing.

7.     Defendant Group XIII Properties, LP, is a limited partnership doing business in the County of Los Angeles as an owner and/or manager of rental housing.

8.     The true names of Defendants Does 1 through 20 are unknown to Plaintiff, and Plaintiff therefore sues them by these fictitious names. Plaintiff will

amend this complaint to include their names and capacities once they become known.

9.     Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated as a Doe is legally responsible in some manner for the occurrences alleged in this Complaint, and unlawfully caused the injuries and damages to Plaintiff as alleged in this Complaint.

10.     At all times mentioned in this Complaint, unless otherwise alleged, each Defendant was the agent or employee of every other Defendant, and in doing the acts alleged in this Complaint, was acting within the course, scope, and authority of that agency or employment with the knowledge and consent of each of the other Defendants.

## III.

## FACTS COMMON TO ALL CLAIMS

11.     Plaintiff Alexis Lopez resides at 3719 Gilman Road in El Monte, California (hereinafter the "Property") in Apartment 2 (hereinafter the "Apartment") with his parents and siblings.

12.     Plaintiff Alexis Lopez is handicapped as defined by the federal Fair Housing Act at 42 U.S.C. § 3602(h), and is physically disabled as defined by the California Fair Employment and Housing Act, California Government Code §§ 12926(*l*) and 12955.3.

13.     In June 2016, Plaintiff Alexis Lopez was in a motorcycle accident that left him paralyzed. Following the accident, Plaintiff Alexis Lopez is confined to a wheelchair.

14.     When Plaintiff Alexis Lopez was released from the hospital following the accident, he came home to the Apartment. Because the Apartment was carpeted, Plaintiff Alexis Lopez was unable to move around the Apartment in his wheelchair.

15. In or around June 2016, Plaintiff Alexis Lopez's father requested a reasonable accommodation from Defendants on behalf of Plaintiff, specifically, that they replace the carpet in the Apartment with flooring that would enable Plaintiff to move around the Apartment in his wheelchair.

16. Defendants have refused to respond to Plaintiff Alexis Lopez's request for a reasonable accommodation and have refused to enter into the interactive process.

17. Defendants refused to remove carpet in the Apartment. Eventually, Plaintiff's father removed the carpet himself, leaving only the subfloor, so that Plaintiff could move around the Apartment. To date, Defendants have refused to replace the flooring in the Apartment, despite repeated requests.

## IV.
## CAUSES OF ACTION

### A.
### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR HOUSING ACT
(By Plaintiff against all Defendants)

18. Plaintiff here realleges the allegations set forth in paragraphs 1 through 17.

19. Plaintiff Alexis Lopez is handicapped within the meaning of 42 U.S.C. § 3402(h)(1) because he suffers from a physical impairment which substantially limits one or more of his major life activities.

20. In or around June 2016, Plaintiff Alexis Lopez requested a reasonable accommodation from Defendants, specifically, that they replace the carpet in his apartment with flooring that would enable him to move around the apartment in his wheelchair. Defendants have refused to respond to Plaintiff

Alexis Lopez's request and have refused to enter into the interactive process.

21.    Defendants injured Plaintiff Alexis Lopez in violation of 42 U.S.C. § 3604(f) by discriminating in the rental of a dwelling because of Alexis Lopez's handicap, by making a dwelling unavailable because of his handicap, by refusing to make reasonable accommodations in rules, policies, practices or services, as necessary to afford Plaintiff equal opportunity to use and enjoy a dwelling, and by refusing to engage in the interactive process.

22.    Plaintiff Alexis Lopez has suffered mental anguish and emotional distress by virtue of the above-enumerated violations of his civil rights, and is therefore entitled to compensatory damages.

23.    Defendants have no legitimate and nondiscriminatory reason for refusing, for over five months, to provide Plaintiff Alexis Lopez with a reasonable accommodation by replacing the flooring in his apartment so that he can navigate around the apartment in his wheelchair.

24.    Defendants acted intentionally, maliciously, wantonly, recklessly and in bad faith as described herein. Defendants were, and continue to be, callously indifferent or recklessly indifferent to Plaintiff Alexis Lopez's federally protected rights. Therefore, Plaintiff Alexis Lopez is entitled not only to actual damages but also to punitive damages pursuant to 42 U.S.C. § 3613(c)(1).

25.    Plaintiff Alexis Lopez is entitled to recover his reasonable attorney's fees and costs of suit in this action, pursuant to 42 U.S.C. § 3613(c)(2).


**B.**

**SECOND CAUSE OF ACTION**

**VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

(By Plaintiff against all Defendants)

26.    Plaintiff here realleges the allegations set forth in paragraphs 1

through 25.

27.    Defendants have injured Plaintiff Alexis Lopez in violation of the California Fair Employment and Housing Act by their refusal to make reasonable accommodations in rules, policies, practices, or services when these accommodations are necessary to afford a disabled person equal opportunity to use and enjoy a dwelling and by refusing to enter into the interactive process.

28.    Defendants have also injured Plaintiff Alexis Lopez in violation of the California Fair Employment and Housing Act by harassing and discriminating against Plaintiff Alexis Lopez because of his disability.

29.    As a proximate result of Defendants' conduct, Plaintiff Alexis Lopez has been damaged as set forth herein and continues to suffer damages. Because of Defendants' knowledge that Plaintiff Alexis Lopez was and is in need of a reasonable accommodation, Plaintiff Alexis Lopez is entitled to punitive damages pursuant to California Civil Code § 3294.

30.    Plaintiff Alexis Lopez is further entitled to recover his attorney's fees, costs and expert witness fees against Defendants.

## C.

### THIRD CAUSE OF ACTION
### NEGLIGENCE

(By Plaintiff against all Defendants)

31.    The allegations set forth in paragraphs 1 through 30 are incorporated herein by this reference.

32.    At all times pertinent hereto, Defendants had a duty to take reasonable care in the management of the Property.

33.    Defendants, and each of them, had a duty to train their agents and employees to operate the Building in a manner that was free from unlawful discrimination, and had a duty to train their agents and employees to grant

reasonable accommodations to disabled tenants whenever possible.

34. Defendants and each of them had a duty to Plaintiff to supervise their agents who were responsible for the management of the Property, and ensure that they were fit to perform their jobs and that they were properly trained in the laws governing the landlord-tenant relationship.

35. Defendants and each of them breached that duty by hiring, training, and supervising agents and employees whom they knew were not qualified to hold the positions they were assigned, by failing to offer the agents and employees training.

36. Defendants and each of them violated that duty by negligently hiring, training, and supervising their agents and employees regarding the requirements of and proper application of federal and state fair housing laws.

37. As a proximate result of Defendants' breaches of duty to Plaintiff, Plaintiff has sustained economic and non-economic damages in amounts according to proof at trial.

## D.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT
### [Cal. Civ. C. § 54, *et seq.*]

(By Plaintiff Alexis Lopez against all Defendants)

38. Plaintiff here realleges the allegations set forth in paragraphs 1 through 37.

39. Plaintiff Alexis Lopez is an individual with a disability as defined in Civil Code 54.

40. Plaintiff Alexis Lopez is entitled to full and equal access, as other members of the general public, to all housing accommodations offered for rent,

lease, or compensation in the State of California.

41.     Defendants, and each of them, have violated the California Disabled Persons Act, specifically, Civil Code section 54.1, subdivision (b)(3)(B), by refusing to make reasonable accommodations in rules, policies, practices, or services, when those accommodations may be necessary to afford individuals with a disability equal opportunity to use and enjoy the premises.

42.     As a proximate result, Defendants and each of them are liable for Plaintiff Alexis Lopez's actual damages, treble damages, and attorney's fees, as set forth in California Civil Code section 54.3.

## V.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury.

## VI.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

1.     For economic damages and non-economic damages according to proof at trial, but in an amount in excess of $250,000.00;

3.     For punitive damages according to proof, and as permitted by statute, in an amount not less than $1,000,000.00;

4.     For reasonable attorneys' fees, expert witness fees, and costs of suit, as permitted by statute; and

5.     For actual damages and treble damages on the Fourth Cause of Action for violation of the California Disabled Persons Act, pursuant to California Civil Code section 54.3, in addition to reasonable attorneys' fees; and

///

///

6.    For such other and further relief as the Court may find to be just and proper.

DATED:  December 20, 2016         Respectfully submitted,
                                  CAMPBELL & FARAHANI, LLP

                                          /s/

                                  By: _____
                                  JoAnne E. Belisle, Esq.
                                  Attorneys for Plaintiff Alexis Lopez