# United States District Court
# Central District of California

| | |
|---|---|
| ALEXIS LOPEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>PAMA MANAGEMENT, INC.; NIJJAR REALTY, INC.; GROUP XII PROPERTIES, LP; GROUP XIII PROPERTIES, LP, and DOES 1-20,<br><br>        Defendants. | Case No. 2:16-CV-9390-ODW-JCx<br><br>**ORDER GRANTING, IN PART, AND DENYING, IN PART, PLAINTIFF'S MOTION FOR SANCTIONS [30]; AND DENYING DEFENDANTS' APPLICATION FOR LEAVE TO FILE SURREPLY [42]** |

## I. INTRODUCTION

On December 20, 2016, Plaintiff Alexis Lopez sued Defendants Pama Management, Inc., Nijjar Realty, Inc., Group XII Properties, LP, and Group XIII Properties, LP (collectively, "Defendants") for claims relating to disability discrimination. (Compl., ECF No. 1.) During the course of discovery, Defendants failed to comply with an order from Magistrate Judge Chooljian to provide further responses to Interrogatories and Requests for Production of Documents. (Order, ECF No. 27.) Lopez now moves for monetary sanctions, terminating sanctions, or an adverse inference instruction, in the alternative. (Mot., ECF No. 30.)[1] On October 12,

---

[1] After considering the moving papers, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

2017, while the Motion was under submission, Defendants filed an Application for Leave to File a Surreply to Plaintiff's Motion for Terminating/Issuing Sanctions. (Appl., ECF No. 42.) The Court **DENIES** Defendants' Application for Leave to File a Surreply. For the reasons set forth below, the Court **GRANTS, IN PART,** and **DENIES, IN PART,** Plaintiff's Motion to Terminate/Issue Sanctions.

## II. FACTUAL BACKGROUND

In June 2016, Lopez was in a motorcycle accident that left him paralyzed. (Compl. ¶ 13.) As a result, Lopez is confined to a wheelchair. (*Id.*) Lopez resides in an apartment in El Monte, California (the "Property"), with his parents and siblings. (*Id.* ¶¶ 11, 13.) Defendants are the owners and/or managers of the Property. (*See id.* ¶¶ 4–7.)

After being released from the hospital, in June 2016, Lopez's father requested that Defendants replace the carpet in his apartment with flooring because the carpet made it difficult for Lopez to move around the Property in his wheelchair. (*Id.* ¶ 15.) Defendants allegedly refused to provide such accommodation for Lopez and, as a result, Lopez filed this action alleging violations of the Fair Housing Act, the California Fair Employment and Housing Act, and the California Disabled Persons Act. (*See generally* Compl.) Lopez alleges that Defendants acted willfully, and thus seeks an award of punitive damages, in addition to actual damages. (*Id.* ¶ 24 (citing 42 U.S.C. § 3613(c)(1), which provides for punitive damages for violations of the Fair Housing Act)).

On March 22, 2017, Lopez propounded discovery on Defendants seeking, among other things, information regarding Defendants' financial well-being to support his punitive damages claim. (Belisle Decl. ¶ 2, ECF No. 30; Opp'n 2, ECF No. 31.) On May 31, 2017, after not receiving satisfactory responses to discovery requests pertaining to Defendants' financial status, Lopez filed a Motion to Compel Further Responses to Interrogatories and Requests for Production of Documents before Magistrate Judge Chooljian. (ECF No. 23.) On July 14, 2017, Judge Chooljian

ordered Defendants to provide further responses to Interrogatories and Requests for Production of Documents sent by Lopez no later than August 1, 2017 ("the Discovery Order"). (Order 10.) The Discovery Order limited the temporal scope of the financial discovery requested by Lopez. (Order 4 ("Accordingly, the relevance objections are sustained to the extent the [requests] seek information/documents predating January 2015 and overruled to the extent the [requests] seek information/documents from January 2015 to present….").) The Discovery Order also noted that the parties had not sought the Court's approval to bifurcate liability and damages, or discovery regarding the same. (*Id.*) Further, the Discovery Order specifically ordered Lopez not to disclose any of the information received, and only to use it as necessary to prosecute the instant action, in order to alleviate Defendants' apparent concern that the information could be used for an improper purpose. (*Id.* at 10.)

The parties subsequently stipulated to allow Defendants an additional two weeks to comply with the Discovery Order. (Belisle Decl. ¶¶ 4–5.) On August 14, 2017—one day before they were required to comply with the Discovery Order—Defendants requested an additional week extension, which Lopez denied. (*Id.* ¶¶ 8–9.) On August 16, 2017, Lopez's counsel emailed defense counsel requesting compelled discovery responses, but defense counsel did not respond. (*Id.* ¶ 11.) Later that day, Defendants filed a Petition for Writ of Mandamus in the Ninth Circuit. (*Id.* ¶ 12; Ex. I, ECF No. 30-7.) Defendants have not sought a stay of this action while their Petition pends before the Ninth Circuit.

On September 28, 2017, while Lopez's Motion was pending before the Court, and fully briefed by the parties, Defendants substituted in new counsel. (ECF No. 35.) Defendants then filed what they styled as a "Motion to Continue Motion for Terminating-Issue Sanctions," which the Court struck because: 1) it did not provide adequate notice, as required by the Central District's Local Rules; 2) the Court had already taken Lopez's Motion for Sanctions under submission; and 3) the Motion was fully briefed by the parties. (ECF Nos. 37, 40.)

### III. DISCUSSION

Federal Rule of Civil Procedure 37(b)(2)(A) authorizes a district court to impose appropriate sanctions where a party has failed to comply with an order to provide or permit discovery. In imposing sanctions pursuant to Rule 37(b), the Court may render a "default judgment against the disobedient party[,]" direct that the "matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims[,]" or issue any other just order.

Lopez seeks the entry of default judgment against Defendants as a sanction for their refusal to comply with the Discovery Order. (Mot. 7–8.) In the alternative, Lopez seeks an adverse inference instruction that "Defendants' finances support an award of punitive damages." (*Id.* at 8–9.) Lastly, Lopez seeks to recover the reasonable expenses incurred in bringing this Motion. (*Id.* at 9.) Defendants contend that Lopez is not entitled to terminating sanctions because: 1) Defendants' Petition for Writ of Mandamus regarding the Discovery Order is pending before the Ninth Circuit; 2) there is no basis for the discovery sought; and 3) terminating sanctions are too extreme for these circumstances. (Opp'n 2–5.)

### A. Default Judgment

Lopez contends that issuing default judgment against Defendants is an appropriate sanction because Defendants' "refusal to provide discovery responses is calculated to delay litigation in this matter and [Lopez] is prejudiced by Defendants [sic] refusal." (Mot. 8.) In their Opposition, Defendants argue that Lopez is not entitled to punitive damages and thus discovery regarding Defendants' financial condition is unwarranted. (Opp'n 3.) However, Judge Chooljian already considered and rejected this argument when she ordered Defendants to produce limited financial information. (Order 3–4, 10.)

In determining whether terminating sanctions are appropriate, a district court must weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking

sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993) (quoting *Porter v. Martinez*, 941 F.2d 732, 733 (9th Cir. 1991)). The Ninth Circuit has "said that where a court order is violated, factors 1 and 2 support sanctions and 4 cuts against case-dispositive sanctions, so 3 and 5 . . . are decisive." *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998).

The public possesses an interest in maintaining "the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Furthermore, "District Courts have the inherent power to control their dockets." *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). These factors typically weigh in favor of issuing sanctions. *Valley Eng'rs Inc.*, 158 F.3d at 1057. Lopez claims prejudice because Defendants' failure to comply with the Discovery Order results in undue delay. (Mot. 8.) Because trial is set for February 6, 2018, however, the prejudice Lopez will suffer may be remedied by less harsh sanctions. At this juncture, Defendants still may comply with the Discovery Order sufficiently in advance of trial to allow Lopez to prepare his punitive damages case. Accordingly, these factors do not mandate as harsh a sanction as default.

A party suffers prejudice where the opposing party's actions "impair [their] ability to go to trial or threaten to interfere with the rightful decision of the case." *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990); *Malone v. U.S. Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987). Failure to produce court-ordered documents may be indicative of prejudice. *Adriana Intern. Corp.*, 913 F.2d at 1412. Here, Defendants are withholding information that would assist the jury in calculating punitive damages. (Mot. 9.) However, this information would not necessarily affect the outcome of the case from a liability perspective, which is another factor the Court must consider.

Generally, the public policy in favor of adjudicating cases on the merits weighs strongly against terminating sanctions. *See In re Phenylpropanolamine (PPA) Prods.*

*Liability Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). This factor only weighs lightly in cases where the "party whose responsibility it is to move a case toward disposition on the merits . . . impedes progress in that direction." *Id.* In other words, this factor weighs heavily against terminating sanctions unless it is the plaintiff who fails to produce discovery. *See id.* Here, this factor weighs against terminating sanctions as it is Defendants who have refused to comply with the Discovery Order, and the information being withheld goes to a portion of Lopez's alleged damages.

There are less drastic sanctions that are feasible and appropriate here. In his Motion, Lopez seeks monetary sanctions as well as an adverse inference instruction in the alternative to default judgment. (Mot. 8–9.) The Court finds monetary sanctions are a more appropriate sanction at this time, as discussed below. A terminating sanction is "a harsh penalty and is to be imposed only in extreme circumstances." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). If Defendants continue to disregard the Discovery Order, those extreme circumstances may arise.

### B. Adverse Inference Instruction

Under Rule 37(b), "a court has authority to instruct a jury that it may make an inference with respect to certain factual matters based on a party's failure to produce evidence on those factual matters." *Parrick v. FedEx Ground Package Sys., Inc.*, No. CV 09-95-MDWMJCL, 2010 WL 3724825, at *5 (D. Mont. Sept. 17, 2010). Where "a party fails to produce [evidence] . . . the fair inference is that that evidence would have weighed against the party who held it back." *Computer Assocs. Int'l, Inc. v. Am. Fundware, Inc.*, 133 F.R.D. 166, 170 (D. Colo. 1990) (citing *Hammond Packing Co. v. Arkansas*, 212 U.S. 322, 350–51 (1909)).

Lopez argues that an adverse inference instruction is appropriate because Defendants refuse to comply with the Discovery Order and that "the discovery sought here is relevant to punitive damages calculations." (Mot. 9.) The Court finds this form of sanction to be too harsh at this time. The Court orders Defendants to comply with the Discovery Order within seven days of the date of this Order.

Despite Defendants' qualms with the Discovery Order, it is the order of the Court, and cannot be disregarded. *See Pasadena City Bd. of Educ. v. Spangler*, 427 U.S. 424, 439 (1976) ("It is for the court of first instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, either by itself or by a higher court, its orders based on its decision are to be respected, and disobedience of them is contempt of its lawful authority, to be punished."). This matter is not automatically stayed pending the resolution of Defendants' Petition for Writ of Mandamus, nor have Defendants sought a stay of this action. *See Powertech Tech. Inc. v. Tessera, Inc.*, No. C 11–6121 CW, 2013 WL 1164966, at *1–2 (N.D. Cal. March 20, 2013) (denying stay pending party's petition for writ of mandamus in light of discovery order, and explaining standard for stay as analogous to that of a preliminary injunction). In any event, the Court would not look favorably on a request for a stay, given that Defendants would have to show likelihood of success on their Petition for Writ of Mandamus, which would be difficult to do given that it is a discretionary, drastic remedy. *See Cole v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 379 (2004).

In addition, Defendants failed to follow the appropriate procedure for challenging the Discovery Order, which will likely be fatal to their Petition for Writ of Mandamus. *See Cole v. U.S. Dist. Court for Dist. of Idaho*, 366 F.3d 813, 819–20 (9th Cir. 2004) (noting narrow exception, and holding "[a]part from this necessarily narrow exception, failure to seek reconsideration of a magistrate judge's non-dispositive ruling by statutory appeal to the district court under 28 U.S.C. § 636(b)(1)(A) will preclude a finding that the first *Bauman* factor is shown, which, in turn, will weigh heavily against the granting of the writ.") Further, Central District Local Rule 72 provides:

> Any party objecting under [Federal Rule of Civil Procedure] 72(a) to a Magistrate Judge's ruling on a pretrial matter not dispositive of a claim or defense *must* file a motion for review by the assigned District

Judge, designating the specific portions of the ruling objected to and stating the grounds for the objection. Such motion shall be filed within fourteen (14) days…of service of a written ruling.

C.D. Cal. Local Rule 72-2.1 (emphasis added). Defendants did not follow this procedure. Moreover, the Local Rules explicitly provide that "[r]egardless of whether a motion for review has been filed, the Magistrate Judge's ruling remains in effect *unless the ruling is stayed or modified by the Magistrate Judge or the District Judge.*" *Id.* 72-2.2 (emphasis added). Defendants completely disregarded the Local Rules and the proper procedure. Defendants did not seek review of the Discovery Order, and now the time to do so has long expired. *See* C.D. Cal. Local Rule 72-2.1 (establishing deadline for filing motion for review of magistrate judge's order as fourteen days after entry of order—here, no later than July 28, 2017). Should Defendants choose to continue to disregard the Discovery Order, the Court is inclined to issue an adverse inference instruction. In the event Defendants fail to comply with the Court's Order as detailed here, Lopez is invited to move the Court for an adverse inference, and submit proposed wording of such an inference for the Court's review.

### C. Reasonable Expenses

Rule 37 allows for courts to "order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure" to comply with a discovery order. Fed. R. Civ. P. 37(b)(2)(C). Here, Lopez seeks to recover $1,885.00 in costs and fees incurred on this Motion. (Mot. 9.) Defendants' Opposition does not address the monetary sanction sought by Lopez. (*See generally* Opp'n). Therefore, the Court finds that Lopez's proposed amount is reasonable and orders Defendants to pay Lopez $1,885.00, within fourteen days of this Order.

### D. Defendants' Application to File Surreply

On October 12, 2017, Defendants filed an Application for Leave to File Surreply to Plaintiff's Motion for Terminating/Issuing Sanctions. (Appl.) Defendants

argue that they should be granted leave to file a surreply because they substituted in new counsel on September 28, 2017, and claim to have new arguments to oppose Lopez's Motion. (Appl. 2–3.) The parties fully briefed this Motion nearly one month ago, and Defendants have had ample time to bring their application in a timely fashion, and through the proper procedures.[2] In fact, Defendants' Application largely regurgitates arguments set forth in Defendants' Motion to Continue (ECF No. 37), which the Court struck. (ECF No. 40.) For these reasons, the Court **DENIES** Defendants' Application.

## IV. CONCLUSION

For the reasons set forth above, Defendants are:

1. **ORDERED** to pay **$1,885.00** to Lopez for the reasonable costs and fees associated with bringing this Motion within fourteen days of the date of this Order;

2. **ORDERED** to comply with the Discovery Order (ECF No. 27), within seven days of the date of this Order; and

3. **ORDERED** to file a declaration with this Court on, or before **October 25, 2017**, stating whether they have complied with Judge Chooljian's Order.

Should Defendants disregard this Court's Order, and continue to disregard the Discovery Order, Defendants will be further sanctioned, and ordered to pay to the Clerk of the Court, **$200.00 per day**, for each day they fail to comply with the Discovery Order after **October 24, 2017**. Defendants cannot continue to disregard the proper procedures, and orders of the Court.

//
//
//
//

---

[2] Briefing closed on September 18, 2017, fourteen days before the scheduled hearing.

For the reasons stated above, the Court **DENIES** Defendants' Application for Leave to File a Surreply (ECF No. 42), and **GRANTS, IN PART,** and **DENIES, IN PART,** Plaintiff's Motion for Sanctions. (ECF No. 30.)

**IT IS SO ORDERED.**

October 17, 2017

_____
OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE